BRISTOL BANK AND TRUST COMPANY, TR.
*vs.*
GEORGE W. NEUBAUER ET AL.

Superior Court · Hartford County File No. 61947

MEMORANDUM FILED MARCH 19, 1940.

*Mink & Beach,* of Bristol, for the Plaintiff.

*William N. DeRosier,* of Bristol, for the Defendants.

INGLIS, J.   This is an action to construe the will of George W. Neubauer.   The testator died March 28, 1930, leaving as his sole heir at law his son, William L. Neubauer.   There also survived him two grandchildren, the children of William L. Neubauer.   One of these was Dorothy Neubauer, an incompetent, and the other was George W. Neubauer, 2d.

In the first clause of his will he directed the payment of his debts.   In the second, third and fourth clauses he made certain pecuniary bequests.   The fifth clause, which is one of the clauses which now requires interpretation, reads as follows:

"Fifth: I give, devise and bequeath forty thousand (40,000) dollars to the Bristol Trust Company of Bristol, Connecticut upon trust for the following purpose:

"To pay to my granddaughter, Dorothy Neubauer, the income therefrom as it accrues for and during the term of her natural life.   And in the event that for any special reason the income thereof shall at any time be insufficient to comfortably care for and maintain my said granddaughter, my said trustee is hereby given authority to use such portion of the principal as may be necessary for her care and comfort."

There is no express disposition in this clause of the principal of the trust fund upon the death of Dorothy.

The sixth clause of the will devises to the son William the life use of certain real estate, with no express disposition of the remainder.

The seventh clause bequeaths $20,000 to the grandson, George W. Neubauer, 2d, to be paid $5,000 at age 25, $5,000 at age 30 and $10,000 at age 40.

The eighth clause reads as follows:

"Eighth: All the rest residue and remainder of my estate I give, devise and bequeath to the Bristol Trust Company of Bristol, Connecticut upon trust to apply the income thereof equally between my said two grand-children, Dorothy Neubauer, and George W. Neubauer, 2nd, during their lives.

"In the event of the death of said George W. Neubauer, 2nd, prior to that of Dorothy Neubauer, the income from all the rest residue and remainder of my estate shall be paid to said Dorothy Neubauer during her life."

The ninth clause reads:

"Ninth: All the rest and remainder of my estate, both real and personal, I give devise and bequeath to my grandson, George W. Neubauer, 2nd."

Dorothy Neubauer has now died and the questions which are propounded to the court all relate to the question as to what is now to be done with the principal of the trust fund set up in the fifth clause and the principal of the trust fund set up in the eighth clause.

The general scheme of disposition of his property which was in the testator's mind is clear. That was to make his two grandchildren his chief beneficiaries, but inasmuch as Dorothy was incompetent he did not desire to leave her any property outright. What he did desire was to make sure that she had adequate support during her life and then, subject to that, to leave the bulk of his estate to his namesake, his grandson, George W. Neubauer, 2d.

To accomplish this purpose, he gives Dorothy the life use of $40,000 by the fifth clause of his will. He then evens that up by giving $20,000 to the grandson absolutely, but payable in instalments. Then in the eighth clause he sets up a trust of all of the rest of his property for the lives of his two grandchildren and finally in the ninth clause leaves all of the rest and remainder to George.

It is apparent that the failure to provide specifically in the fifth clause for the disposition of the trust fund upon the death of Dorothy is no mere oversight because the testator has done the same sort of thing in the sixth clause, which devises a life use in real estate to the testator's son, and also in the eighth clause. It is not a case in which the testator has forgotten to dispose of a portion of his estate and therefore it certainly cannot be held that it has become intestate estate. On the contrary, it is clear that the testator intended that the remainder interest in this trust fund should pass as a part of the residue and remainder of his estate.

There are, however, two clauses of his will which bequeath

the residue and remainder of his estate, the eighth and ninth clauses. Which one controls the disposition of the remainder of the trust set up in the fifth clause? As a matter of fact, because of the interpretation hereinafter placed on the eighth clause, it makes no practical difference. However, the testator could hardly have intended that this remainder interest should pass into the trust fund created by the eighth clause, because that clause would then necessarily be giving Dorothy a life interest in a fund after she already had died. It is therefore concluded that the remainder of the trust fund heretofore held under the fifth clause of the will has now become a part of the rest and remainder bequeathed by the ninth clause of the will and is disposed of by that ninth clause.

As regards the eighth clause of the will, it is to be noted that that clause sets up one single trust fund. It is not a situation in which two separate trusts have been created but rather one in which a single trust is created and the trustee directed to divide the net income of that fund between two people. It is expressly provided moreover that the trust is to endure "during their lives." Consistent with his general scheme of making sure that Dorothy would receive adequate support during her life, the testator does expressly provide for a continuation of the trust for her benefit after George's death if he should die first. That, however, is to be read as a proviso. What the testator says is, in substance, that this trust shall continue during the lives of his two grandchildren (meaning their joint lives) provided, however, that if it is Dorothy who survives, the term of the trust shall be extended until her death occurs.

The contention is made that from the fact that the bequest of $20,000 made to George in the seventh clause is to be paid in instalments, it is to be inferred that the testator did not desire that George should ever suddenly come into a large amount of money. That, however, does not follow. As suggested earlier in this memorandum, it apparently was the intent of the testator in the seventh clause to even George's current enjoyment of the estate more or less up to that of Dorothy and nothing more. The testator's main intent more apparently was to withhold from George the possession of the bulk of his estate only so long as was necessary to guarantee Dorothy a comfortable support.

It is therefore concluded that the intention of the testator expressed in the eighth clause of his will is that, upon the death

of Dorothy, the trust set up therein should terminate. There being no explicit disposition of the trust fund upon the termination of the trust provided for, by the same reasoning that prevailed with reference to the fifth clause, it follows that the corpus of that trust fund falls into the rest and remainder of the estate which is disposed of by the ninth clause.

The questions propounded in paragraph ten of the complaint are answered as follows:

a. The trust fund created under paragraph fifth of the will does become a part of the residue under paragraph ninth of the will.

b. The trust created by paragraph eighth of said will did terminate upon the death of Dorothy Neubauer.

c. The principal of the trust created in paragraph eighth of said will does become a part of the residue created under paragraph ninth of the will.

d. None of the testator's estate is intestate.

Judgment may enter accordingly and allowances shall be made of $300 and disbursements to the plaintiff, $300 to the defendant George W. Neubaurer, 2d, and $300 to the defendants, Jeri Neubauer and William L. Neubauer, 2d, to apply on their respective counsel fees and expenses of litigation.